# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2017

Lyle W. Cayce
Clerk

DAVID JOHNSON,

     Plaintiff - Appellant

v.

REAL ESTATE MORTGAGE NETWORK, INCORPORATED; FEDERAL
NATIONAL MORTGAGE ASSOCIATION, AS TRUSTEE; BRANCH
BANKING AND TRUST COMPANY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INCORPORATED; HOMEBRIDGE FINANCIAL
SERVICES, INCORPORATED, formerly known as Real Estate Mortgage
Network, Incorporated,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-748

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

In 2008, the appellant, David Johnson, obtained a home equity loan, secured by his principal residence, from Real Estate Mortgage Network, Inc. (REMNI).  Johnson's loan was assigned to the Federal National Mortgage

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20347

Association (FNMA) in October 2008.  After Johnson defaulted on the loan in 2014, Branch Banking and Trust Company (BBTC), which serviced the loan for FNMA, sent Johnson a Notice of Default.

In March 2016, Johnson, pro se, filed a complaint against Homebridge Financial Services Inc. (formerly known as REMNI; collectively, "REMNI/Homebridge"), FNMA, BBTC, and Mortgage Electronic Registration System ("MERS").  Liberally construed, his complaint alleges that the loan transaction is null and void because REMNI failed to disclose its intent to sell the loan.  He asserted claims for quiet title, violation of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), and filing fraudulent court records and fraudulent claims against real property.  FNMA, BBTC, and MERS counterclaimed for foreclosure and moved for summary judgment.

On April 18, 2017, the district court granted the motion for summary judgment filed by FNMA, BBTC, and MERS.  Johnson filed a notice of appeal on May 15.  On May 22, FNMA, BBTC, and MERS moved to certify the order granting summary judgment as final.  On June 9, after Johnson failed to appear for a docket call, the district court granted REMNI/Homebridge's motion to dismiss for failure to prosecute.  The district court entered a final judgment that same day.

Before we address Johnson's contentions on appeal, we note that Johnson's notice of appeal from the summary judgment dismissing the claims against some, but not all, of the defendants, was premature.  Nevertheless, because the district court could have certified that the summary judgment was appealable, and it subsequently entered a final judgment, the notice of appeal gives us appellate jurisdiction over the summary judgment.  *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 539, 539 n.1 (5th Cir. 2005).  However, because Johnson did not file a notice of appeal from the final judgment, which dismissed his remaining claims against REMNI/Homebridge, we do not have

jurisdiction to consider the dismissal of his claims against REMNI/Homebridge.

In support of his claim to quiet title, Johnson asserted that the entire loan transaction is null and void, and the defendants' claim on his title is invalid and unenforceable, because REMNI/Homebridge acted as a broker, did not fund the note and thus does not meet the definition of a lender; and because REMNI/Homebridge did not disclose to him that his loan would be sold. Johnson failed to provide any evidence in support of his assertion that REMNI/Homebridge is not a lender. Further, as the district court noted, the Security Instrument signed by Johnson states that the note can be sold without notice to the borrower. To the extent that Johnson complains about REMNI/Homebridge's failure to respond to discovery, we lack jurisdiction to consider those arguments because Johnson did not appeal the dismissal of REMNI/Homebridge. Because Johnson failed to establish the existence of a genuine issue of material fact as to the validity of the defendants' claim on the title to the property, the district court did not err by granting summary judgment on Johnson's claim for quiet title.

Johnson's DTPA claim is also based on his assertion that REMNI failed to inform him that it intended to sell his loan. The district court granted summary judgment on the ground that Johnson is not a consumer within the meaning of the DTPA. Johnson argues that a person does not need to qualify as a consumer to recover under the DTPA. As we have noted, Johnson did not appeal the dismissal of REMNI/Homebridge, so we lack jurisdiction to consider any claims against it for failing to disclose to Johnson that his loan could be sold. Moreover, to the extent that Johnson's DTPA claim is asserted against the remaining defendants, the Security Instrument that Johnson signed explicitly informed him that the loan could be sold. The district court did not

3

err by granting summary judgment for FNMA, BBTC, and MERS to the extent that this claim pertains to those defendants.

Regarding Johnson's claims that the defendants filed knowingly fraudulent documents and asserted fraudulent claims against his property, and the defendants' counterclaim for judicial foreclosure, the district court held that Johnson had offered no evidence to support his claims or to counter the evidence submitted by the defendants.  To establish FNMA's claim of ownership of the note, FNMA, BBTC, and MERS submitted the declaration of Patrick Carper, a Vice President at BBTC.  Carper stated that Johnson's note was sold and assigned to FNMA on October 1, 2008, and that BBTC is the servicer of the loan and holder of the note on behalf of FNMA.  Johnson challenged Carper's declaration by arguing that the assignment of the note was void because the deed was not transferred until August 2014.  He also argues, without any supporting evidence, that BBTC fabricated the assignment documents for the purpose of defrauding him.  The district court held that Johnson lacked standing to challenge the validity of the assignment of the note from REMNI/Homebridge to FNMA.  Based on our de novo review of the record, we agree with the district court that Johnson failed to establish the existence of a genuine issue of material fact.  We therefore hold that the district court did not err by granting summary judgment for the defendants on their counterclaim for foreclosure and on Johnson's claims for filing fraudulent court records and fraudulent claims against real property.

Johnson failed to establish the existence of a genuine issue of material fact.  Therefore, we reject his contention that the grant of summary judgment violated his Seventh Amendment right to a jury trial.

The judgment of the district court is

AFFIRMED.